LJF:DCW
F.#2009R01834

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. _____ <br> (T. 18, U.S.C., §§ |
| FERNANDO LAHOZ, <br> DAVID VIDAL and <br> SAMUEL ROSARIO, | 982(a)(2)(B), 1028A(a)(1) <br> 1028A(b), 1028A(c)(4) <br> 1029(a)(1), 1029(b)(2), <br> 1029(c)(1)(A)(i), |
| Defendants. | 1029(c)(1)(C), 2 and <br> 3551 et seq.; T. 21, <br> U.S.C. § 853(p)) |

- - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Commit Access Device Fraud)

1.   In or about and between June 2009 and August 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FERNANDO LAHOZ, DAVID VIDAL and SAMUEL ROSARIO, together with others, did knowingly and with intent to defraud conspire to produce, use and traffic in one or more counterfeit access devices, to wit: credit cards and credit card account numbers, in a manner affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(1).

2.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants FERNANDO LAHOZ, DAVID VIDAL and SAMUEL

ROSARIO, together with others, committed and caused to be committed the following:

OVERT ACTS

a. On or about July 20, 2009, SAMUEL ROSARIO accepted a package containing multiple blank plastic credit cards in Brooklyn, New York.

b. On or about July 13, 2009, DAVID VIDAL traveled to a Target store located in Elmhurst, New York.

c. On or about July 16, 2009, DAVID VIDAL traveled to a Target store located in Elmhurst, New York.

d. On or about July 16, 2009, SAMUEL ROSARIO traveled to a Target store located in Brooklyn, New York.

e. On or about July 22, 2009, SAMUEL ROSARIO traveled to a Target store located in Brooklyn, New York.

f. On or about July 23, 2009, FERNANDO LAHOZ, SAMUEL ROSARIO and DAVID VIDAL traveled to a Target store located in Brooklyn, New York.

(Title 18, United States Code, Sections 1029(b)(2), 1029(c)(1)(A)(i) and 3551 et seq.)

COUNT TWO
(Access Device Fraud)

3. In or about and between June 2009 and August 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FERNANDO LAHOZ, DAVID VIDAL and SAMUEL ROSARIO, together with others, did

knowingly and with intent to defraud produce, use and traffic in one or more counterfeit access devices, to wit: credit cards and credit card account numbers, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

### COUNT THREE
(Aggravated Identity Theft)

4.   In or about and between June 2009 and August 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FERNANDO LAHOZ, DAVID VIDAL and SAMUEL ROSARIO, together with others, during and in relation to the crime charged in Counts One and Two, did knowingly and intentionally possess, transfer and use, without lawful authority, means of identification of another person, to wit: John Doe, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

5.   The United States hereby gives notice to the defendants FERNANDO LAHOZ, DAVID VIDAL and SAMUEL ROSARIO that, upon their conviction of the offense charged in Counts One and Two, the government will seek forfeiture in accordance with: (a)

Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense.

    6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

# INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. Fernando Lahoz, David Vidal and Samuel Rosario**
2. Related Magistrate Docket Number(s): 09-M-831

   None ( )

3. Arrest Date: **8/14/09**

4. Nature of offense(s):  ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): _____

6. Projected Length of Trial:   Less than 6 weeks (X)
   More than 6 weeks ( )

7. County in which crime was allegedly committed: <u>Kings</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   (X) Yes  ( ) No

9. Have arrest warrants been ordered?   (X) Yes  ( ) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By: _____
David Carey Woll, Jr.
Assistant United States Attorney
718-254-6241

Rev. 3/22/01