UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                  **09 CR 847 (ENV)**

      -against-                        **SENTENCING**
                                  **MEMORANDUM**

FERNANDO LAHOZ,
                Defendant.
------------------------------------------------------------x

      The defendant FERNANDO LAHOZ, through his attorney, JOHN S. WALLENSTEIN, ESQ., respectfully submits this memorandum in connection with his sentencing after his plea of guilty to two counts of the instant indictment, Count Two, Access Device Fraud, and Count Three, Aggravated Identity Theft. Mr. Lahoz pleaded guilty pursuant to a plea agreement. By his plea, Mr. Lahoz spared the government the time, expense and effort of preparing for trial, and actually trying the case.

## OBJECTIONS TO THE PRESENTENCE REPORT

      The defendant has been provided with a copy of the PSR and has reviewed it. Counsel has reviewed the PSR with the defendant in detail. The defendant indicates that the PSR accurately reflects his personal history and characteristics, and therefore, the defense has no objections to the presentence report in that respect.

## OBJECTION TO CRIMINAL HISTORY CALCULATION

      The PSR awards the defendant a two level reduction for acceptance of responsibility, but notes that the Government will not move for the third level reduction because of the defendant's "untimely plea". Nonetheless, the Court should note that the defendant did plead prior to trial, and the Court (and Government) was spared the expense of trial as well as the time necessary to devote to the trial, thereby freeing up scarce resources for other matters.

Accordingly, we respectfully request that the Court give the defendant credit for the third acceptance level, and reduce the guideline to level 15.

## FACTORS TO BE APPLIED IN SENTENCING

In determining the sentence to be imposed upon the defendant, this Court is required to consider the factors enumerated in 18 U.S.C. § 3553(a). The mandate of the statute is clear, and requires the court to impose a sentence which is "sufficient, but not greater than necessary" to accomplish the purposes of the sentencing scheme laid out by Congress in subdivision 2 of §3553(a).

18 U.S.C. § 3553(a)(2)(A) requires the Court to impose a sentence which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is clear that the fraudulent scheme in which Mr. Lahoz participated is a serious offense, which requires some degree of punishment. However, this factor is only one of those required to be considered in determining the sentence. Moreover, "just" punishment is a sentence crafted to the individual defendant, taking into consideration all of the factors of §3553(a).

One of the primary factors for the Court's consideration is the history and characteristics of the defendant. As the PSR notes, the defendant had some issues during his formative years. His father was not around, and he saw him only occasionally. The marital difficulties his parents went through left the relationship with the defendant and his father strained, and the defendant's relations with his siblings were less than ideal, as the PSR points out. Nonetheless, the defendant is an intelligent young man, who has apparently been positively motivated by his current incarceration and legal difficulties. Submitted herewith is a letter from the defendant to the Court, in which he expresses his remorse and his hopes for the future.

During the pendency of this case, Mr. Lahoz became the father of a daughter who is now a year old, and his relationship with his girlfriend, the

baby's mother, has significantly improved. Upon his release from incarceration, he plans to begin a business, and maintain a permanent relationship with his girlfriend and their daughter. We respectfully submit that this improved insight into the important parts of the defendant's domestic life are worthy of the Court's consideration in crafting an appropriate sentence.

The sentence must adequately deter future criminal conduct, as required by § 3553(a)(2)(B), and consider the need to protect the public from future crimes of this defendant, 18 U.S.C. § 3553(a)(2)(C). Mr. Lahoz has certainly learned a significant lesson from this experience, and the mere fact of this felony conviction, with all its attendant collateral consequences, will serve as a deterrent to him. This situation has significantly humbled the defendant, and he will not be involved in such activities again. Obviously, the Court must sentence the defendant to two years on the Aggravated Identity Theft count, consecutive to the sentence imposed on the Access Device fraud count. However, it is respectfully submitted that the two counts are inextricably interrelated, and under the circumstances of this case, the Court should impose a sentence on the access device fraud count of no more than six months, for a total of thirty months in the custody of the Attorney General. Such a sentence will be sufficient, but not greater than necessary, to meet the goals of sentencing as promulgated by Congress, and provide sufficient punishment and deterrence.

Respectfully submitted,

*/s/ John S. Wallenstein*

JOHN S. WALLENSTEIN

JSW/hs

cc: AUSA David Woll (by ECF)
     USPO Roberta Houlton (by ECF)